**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **THEODORE PAGANO, JR., by and through:** | |
| **his personal representative, THEODORE** : | |
| **PAGANO, SR.,** : | |
| : | |
| **Plaintiff,** : | **Civil Action No.** |
| : | |
| **vs.** : | |
| : | |
| **INSIDE EDITION, INC.** : | |
| : | **JURY TRIAL DEMANDED** |
| **and** : | |
| : | |
| **BECKETT GOLF CLUB,** : | |
| : | |
| **Defendants.** : | |

## CIVIL ACTION COMPLAINT

Plaintiff, Theodore Pagano Jr., by and through his personal representative and undersigned counsel, hereby files his Complaint against Defendants, Inside Edition, Inc. and Beckett Golf Club, and in support thereof, states and avers as follows:

### THE PARTIES

1.      At all times material hereto, Plaintiff, Theodore Pagano Jr., is a resident of 14 Variton Drive, Wilmington, DE 19810.

2.      Defendant Inside Edition, Inc. ("Inside Edition") is, upon information and belief, a New York corporation, owned by CBS Television Distribution Group, a unit of CBS Corporation, with an address of 555 W. 57th Street, Suite 1300, New York, NY 10019-2925.

3.      At all times relevant hereto, Defendant, Inside Edition, acted through its agents, servants, and employees, all of whom were acting within the course and scope of their employment authority or apparent authority.

4.     Defendant Beckett Golf Club ("Beckett") is authorized to do business within the jurisdiction of this court and within the State of New Jersey and conducts business at 2387 Kings Highway, Woolwich Township, NJ 08085.

## JURISDICTION AND VENUE

5.     This Honorable Court has jurisdiction pursuant to 28 U.S.C. § 1332 due to diversity of citizenship and the amount in controversy substantially exceeding $75,000.

6.     Jurisdiction and venue are appropriately situated in this Honorable Court, because each of the Defendants regularly and systematically transacts business in and throughout this district, and because all of the events and circumstances giving rise to this lawsuit occurred within this district.

## FACTUAL BACKGROUND

7.     This is a case about an overzealous and out-of-control media Defendant, Inside Edition, Inc., who desperately tried to concoct, literally out of thin air, a salacious story about exotic dancers at a golf outing, and in so doing, caused a catastrophic outcome that was completely foreseeable and preventable.  Along the way, the negligence of the Defendant golf club Beckett contributed to the ultimate outcome, which destroyed the life of the Plaintiff and his family.

8.     On June 4, 2018, Plaintiff's employer was hosting a private golf event at Defendant Beckett's golf course.

9.     This work event included Plaintiff, his brother, numerous company employees and/or independent contractors, and registered golfers.

2

10.     At least three (3) golfers worked for Inside Edition (the "Inside Edition golfers"), as agents or employees of Defendant, Inside Edition, and arrived at Beckett ostensibly to participate in the aforementioned private golf event.

11.     During the private golf outing, Plaintiff had assigned various female independent contractors ("females") to participate at various golf holes and act as greeters, scorekeepers, hole caddies and to provide beverages for the golfing participants.

12.     During the golf outing, and in furtherance of their employment with Inside Edition, the Inside Edition golfers began to harass these females by asking them to sell them (the Inside Edition golfers) illegal drugs, and to provide them with illegal sex acts constituting prostitution.  The Inside Edition golfers repeatedly harassed and berated these females by also asking them how many sex acts had they already performed on the golf course, and what types of illegal drugs had they used and sold while out on the golf course.

13.     These individuals' conduct was so extreme and repetitive that it was eventually reported to the Plaintiff, as the manager, because the females started to feel uneasy and unsafe around the Inside Edition golfers.  At all times relevant hereto, this conduct by the Inside Edition golfers was scripted by, condoned by and known to Inside Edition, and this outrageous conduct was undertaken while they were employees and in the course and scope of their employment with Inside Edition, all in an effort to generate a "story," not to honestly cover any spontaneously newsworthy event.

14.     When the Plaintiff learned about what was occurring to the females, he confronted the Inside Edition golfers, in addition to a newscaster, and asked them to leave as a result of their improper and disruptive behavior.

3

15.     The Inside Edition golfers' behavior was so extremely intolerable that even the management of Defendant Beckett had requested that these individuals immediately leave the club.

16.     At all times relevant hereto, the Inside Edition golfers refused to leave after being asked by Beckett's employee to do so and, in fact, continued to verbally assault and harass the Plaintiff and the females.

17.     At no time after being initially asked by Defendant Beckett's employees did the Inside Edition golfers leave the golf club or stop their verbally abusive and harassing behavior.

18.     The Inside Edition golfers, as agents or employees of Defendant Inside Edition, continued to bombard the Plaintiff's work group with offensive questions about illegal drugs and repeated attempts to elicit lewd sex acts, with handheld television cameras presumably rolling. These questions specifically included how many drugs had been taken, how much the drugs cost, how many sex acts had occurred on the golf course, how much these sex acts cost, and how the Inside Edition golfers were interested in buying these sex acts and drugs.

19.     While the Inside Edition golfers verbally assaulted Plaintiff, the females and Plaintiff's brother with these offensive questions and attempts to elicit lewd sex acts, Plaintiff became extremely visibly shaken, red and upset.

20.     Simultaneously with the Inside Edition golfers' continued bombardment of the Plaintiff with questions pertaining to illegal drugs, illegal sex acts and prostitution, the Plaintiff Theodore Pagano Jr., suffered catastrophic cardiac arrest, caused by the Inside Edition golfers' and newscaster's negligent and intentional infliction of emotional distress, from which he has still not recovered.

21.     Plaintiff, Theodore Pagano Jr., remains comatose as a result of this hypoxic event, and has also suffered medical bill expenses, wage loss and loss of life's pleasures due to the Defendants' collective and individual negligence and intentional infliction of emotional distress.

## COUNT I—NEGLIGENCE
## PLAINTIFF v. DEFENDANT BECKETT GOLF CLUB

22.     The allegations of paragraphs 1-21 above are incorporated herein as though fully set forth at length.

23.     The event described above was caused by the negligence, carelessness and/or recklessness of the Defendants.

24.     Defendant Beckett owed a duty to Plaintiff to keep the golf event safe and free from known or developing problems through Plaintiff's employer's reservation of Defendant Beckett for a private golf event.

25.     Defendant Beckett was aware of what was occurring and, in fact, one of its employees, acting in the course and scope of her employment with Defendant Beckett, asked the Inside Edition golfers to leave the premises as a result of the above-stated misconduct.  When the Inside Edition golfers did not comply, ordinary care and diligence required that Defendant Beckett, by and through its employees, agents and assigns, either call its own security or call the police to have the Inside Edition golfers removed from the premises.  Because Defendant Beckett failed to do so when it knew that the Inside Edition golfers were so disruptive and acting in the manner described above, it acted negligently and irresponsibly.

26.     Then, approximately ten (10) minutes later, a second, unrelated employee from Defendant Beckett asked the same group of Inside Edition golfers to leave the premises for the same ongoing behavior, again without doing anything further other than to request that they leave.  Thus, in two (2) instances, Defendant Beckett should have called for security and/or the

local police to have the Inside Edition golfers removed, which all would have occurred before the Plaintiff was harassed and berated to the point of his catastrophic heart attack.

27.     Defendant Beckett and its employees' breach of this duty occurred through its employees' omissions, with knowledge that the Inside Edition golfers were on the premises verbally assaulting Plaintiff and others associated with the Plaintiff and failing to remove them from the premises.

28.     As a result of the negligence and carelessness of Defendant Beckett and its employees, Defendant was a legal cause of Plaintiff's injuries.

29.     As a result of the negligence and carelessness of Defendant Beckett and its employees, Plaintiff suffered catastrophic cardiac arrest, from which he has not recovered.

30.     As a result of the negligence and carelessness of Defendant Beckett and its employees, Plaintiff is still comatose with little hope of recovery.

31.     As a result of the negligence and carelessness of Defendant Beckett and its employees, Plaintiff continues to incur medical bills, wage loss, and loss of life's pleasures.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount substantially in excess of this Honorable Court's arbitration limits, together with the costs of this litigation, pre- and post-judgment interest and any further relief this Honorable Court deems just and appropriate.

## COUNT II—INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## PLAINTIFF v. DEFENDANT INSIDE EDITION

32.     The allegations of paragraphs 1-31 above are incorporated herein as though fully set forth at length.

33.     The Inside Edition golfers were acting as agents, employees or ostensible agents and employees of Defendant, Inside Edition Inc., at all times material hereto.

6

34.     The Inside Edition golfers acted intentionally by verbally assaulting Plaintiff and intending to produce the completely foreseeable emotional distress that followed, all of which was made evident by the repeated verbal onslaught of allegations directed towards Plaintiff and others about non-existent illegal drugs and non-existent prostitution.

35.     Defendant's conduct in attributing such criminal behavior to the Plaintiff is so outrageous on its face that it is considered defamatory as a matter of law in the State of New Jersey.

36.     Defendant's actions in bombarding Plaintiff with false allegations were so outrageous and extreme that it goes beyond all possible bounds of decency, especially since the Plaintiff now had a reasonable expectation that his face, image and business interests would be broadcast on national television in the context of prostitution and illegal drugs.

37.     The Inside Edition golfers' actions were extreme and outrageous in bombarding Plaintiff with false allegations, and attributing serious and felonious criminality to him, all of which was completely fabricated by this Defendant for its own contrived "story," and all for its material gain and profit.

38.     The Inside Edition golfers', on behalf of Defendant Inside Edition, verbal assault was a cause of Plaintiff's emotional distress and damages.

39.     Inside Edition produced severe emotional distress through its verbal onslaughts of allegations.  Inside Edition is, regrettably, known for sensationalist "journalists," and with its national television audience, it was reasonably expected that the Inside Edition "story" about drugs and prostitution would be nationally televised, and obviously most harmful and upsetting to the Plaintiff that it would be seen in and throughout Philadelphia.

40.     At all times material hereto, Defendant, Inside Edition Inc. was acting by and through its agents or employees, who were duly authorized actual and/or ostensible agents, employees, workmen and/or servants of Inside Edition, acting within the scope and course of their employment or business relationship with Inside Edition, and all acts, omissions, or other liability producing conduct of the Inside Edition golfers were within the scope of their business relationship with Inside Edition, and in fact totally in furtherance of the business interests and practices of Inside Edition.

41.     Defendant is vicariously liable for the intentional infliction of emotional distress produced by the Inside Edition golfers as duly authorized actual and/or ostensible agents, employees, workmen and/or servants, as more fully set forth above and incorporated herein by reference.

42.     The intentional infliction of emotional distress of the Inside Edition golfers, for which Defendant Inside Edition is vicariously liable, consisted of but is not limited to the following:

(a) Verbal assaults of false allegations directed at Plaintiff and reasonably creating the emotional distress that followed;

(b) Extreme and outrageous behavior through false attribution of criminality;

(c) Extreme and outrageous behavior that caused Plaintiff's emotional distress;

(d) Onslaught of false allegations that produced an emotional distress so severe that no reasonable person could be expected to endure it; and

(e) Using its (Inside Edition's) reputation as sensationalist "journalists," with a national television audience, to further scare, harass and intimidate the Plaintiff into believing that Inside Edition's story on illegal prostitution and

illegal drugs would be televised nationally, but particularly in and throughout Philadelphia, further causing and contributing to the Plaintiff's severe emotional distress, anxiety and fear creating the catastrophic cardiac arrest.

43.    Ultimately, there was no journalistic intent to cover a simple, friendly and legal golf outing; instead, Defendant Inside Edition went through a pre-designed and concocted scheme to have three (3) golfers register as benign golf participants, from which they would begin to act in an irresponsible, intentional and mendacious manner, all for the purpose of manufacturing a story about prostitution and the illegal sale of drugs on a golf course, obviously none of which occurred, and for which Inside Edition had no good faith basis to even believe was occurring.

44.    The Plaintiff's employer had successfully and without disruption hosted this private golf event for at least the past thirteen (13) years and never had any problems or allegations involving drugs, prostitution or lewd sex acts.

45.    At all times relevant hereto, Inside Edition deviated from even the most basic elements of responsible journalism and undertook this conduct, which was specifically designed to inflame, incite, harass and emotionally distress and provoke the Plaintiff and his co-workers, all for the purpose of generating a salacious and bogus story which had no truth.

46.    As a result of the intentional infliction of emotional distress caused by Inside Edition, Plaintiff sustained serious, permanent, and painful injuries as set forth more fully above.

47.    As a result of the intentional infliction of emotional distress caused by Inside Edition, Plaintiff has suffered and continues to suffer great physical pain, mental anguish and emotional distress.

48.     As a result of the intentional infliction of emotional distress caused by Inside Edition, Plaintiff has incurred medical bills, wage loss and loss of life's pleasures.

49.     As a result of the deliberate, malicious, willful, wanton and/or reckless conduct of Inside Edition, as set forth more fully herein, Plaintiff demands punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount substantially in excess of this Honorable Court's arbitration limits, together with punitive damages, the costs of this litigation, pre- and post-judgment interest and any further relief this Honorable Court deems just and appropriate.

### COUNT III—NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### PLAINTIFF v. DEFENDANT INSIDE EDITION

50.     The allegations of paragraphs 1-49 above are incorporated herein as though fully set forth at length.

51.     The Inside Edition golfers were acting as agents, employees or ostensible agents and employees of Defendant Inside Edition, at all times material hereto.

52.     The Inside Edition golfers' negligent conduct in assailing Plaintiff, through their repeated verbal onslaught of allegations directed towards Plaintiff, Plaintiff's employees, and Plaintiff's friends and family, was a contributing factor causing the catastrophic physical and emotional distress suffered by Plaintiff.

53.     Defendant Inside Edition's negligent conduct in attributing extreme felonious criminal behavior to the Plaintiff is so outrageous on its face, in addition to being clearly and obviously foreseeable, that it would cause severe emotional distress, that it is considered defamatory as a matter of law in the State of New Jersey.

54.     Inside Edition's actions of negligently bombarding Plaintiff with false allegations and attributing criminal behavior to him in front of his co-employees, family and friends at a

private golf event, were foreseeable and obvious that these actions would negligently cause severe emotional distress to Plaintiff.

55.     Inside Edition's verbal assault was a cause of Plaintiff's emotional distress and damages.

56.     Inside Edition, in its actions, produced emotional distress so severe through a verbal onslaught of allegations by persons who are known to be sensationalist "journalists," that no reasonable person could be expected to endure, especially since Inside Edition has a national television audience, and obviously most harmful and upsetting to the Plaintiff that it would be seen in and throughout Philadelphia.

57.     At all times material hereto, Defendant, Inside Edition was acting by and through its agents or employees, who were duly authorized actual and/or ostensible agents, employees, workmen and/or servants of Inside Edition, acting within the scope and course of their employment or business relationship with Inside Edition, and all acts, omissions, or other liability producing conduct of the Inside Edition golfers were within the scope of their business relationship with Inside Edition, and in furtherance of the business interests of Inside Edition.

58.     Defendant is vicariously liable for the negligent infliction of emotional distress produced by the Inside Edition golfers as duly authorized actual and/or ostensible agents, employees, workmen and/or servants, as more fully set forth above and incorporated herein by reference.

59.     The negligent infliction of emotional distress of the Inside Edition golfers, for which Defendant Inside Edition, is vicariously liable, consisted of but is not limited to the onslaught of false allegations directed at Plaintiff that foreseeably caused the Plaintiff's severe physical and emotional distress.

60.     Negligently, carelessly and/or recklessly accusing an individual of condoning or engaging in the sale of illegal drugs, and condoning or engaging in prostitution is tortious conduct that reasonably and foreseeably can and will cause genuine and substantial emotional distress or mental harm to an average person.

61.     Inside Edition used its reputation as a sensationalistic "journalism" company, with a national television audience, with television cameras presumably rolling, to further scare, harass and intimidate the Plaintiff into believing that Inside Edition's story on illegal prostitution and illegal drugs would be televised nationally, but particularly in and throughout Philadelphia, further causing and contributing to the Plaintiff's severe emotional distress, anxiety and fear creating the catastrophic heart attack.

62.     The Plaintiff's employer had successfully and without disruption hosted this private golf event for at least the past thirteen (13) years and never had any problems or allegations involving drugs, prostitution or lewd sex acts.

63.     As a further act of negligence, Defendant Inside Edition either never researched, or researched improperly and poorly, the fact that the Plaintiff and his co-workers had never before engaged in any of the behavior that was being attributed to them at the time of the golf outing.  Had Inside Edition done any research whatsoever, it would have learned that there have been no acts of lewd sexual behavior, prostitution or illegal drugs associated with the Plaintiff or the Plaintiff's business at any time.

64.     At all times relevant hereto, Inside Edition deviated from even the most basic notions of responsible journalism and undertook this negligent conduct, which was foreseeably likely to inflame, incite, harass and emotionally distress and provoke the Plaintiff and his co-employees.

65.     As a result of the negligent infliction of emotional distress caused by Inside Edition, Plaintiff sustained serious, permanent, and painful injuries as set forth more fully above.

66.     As a result of the negligent infliction of emotional distress caused by Inside Edition, Plaintiff has suffered and continues to suffer great physical pain, mental anguish and emotional distress.

67.     As a result of the negligent infliction of emotional distress caused by Inside Edition, Plaintiff has incurred medical bills, wage loss and loss of life's pleasures.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount substantially in excess of this Honorable Court's arbitration limits, together with the costs of this litigation, pre- and post-judgment interest and any further relief this Honorable Court deems just and appropriate.

## NOTICE OF PRESERVATION OF EVIDENCE

PLAINTIFF HEREBY DEMANDS AND REQUESTS THAT DEFENDANTS TAKE NECESSARY ACTION TO ENSURE THE PRESERVATION OF ALL DOCUMENTS, COMMUNICATIONS, WHETHER ELECTRONIC OR OTHERWISE, ITEMS AND THINGS IN THE POSSESSION OR CONTROL OF ANY PARTY TO THIS ACTION, OR ANY ENTITY OVER WHICH ANY PARTY TO THIS ACTION HAS CONTROL, OR FROM WHOM ANY PARTY TO THIS ACTION HAS ACCESS TO, ANY DOCUMENTS, ITEMS, OR THINGS WHICH MAY IN ANY MANNER BE RELEVANT TO OR RELATE TO THE SUBJECT MATTER OF THE CAUSES OF ACTION AND/OR THE ALLEGATIONS OF THIS COMPLAINT.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

THE BEASLEY FIRM, LLC


BY:     */s/ Dion G. Rassias*
          DION G. RASSIAS, ESQUIRE
          Attorney I.D. No.: 01880-1987
          1125 Walnut Street
          Philadelphia, PA 19107
          (215) 592-1000
          (215) 592-8360 (facsimile)

DATED:  January 30, 2019